IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IDYLL ALLISON, | § | |
| | § | |
| Defendant-Below, | § | No. 509, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 0512013537 |
| Plaintiff-Below, | § | |
| Appellee. | § | |
| | § | |

Submitted:  November 10, 2014
Decided:     December 10, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

# **O R D E R**

This 10th day of December 2014, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Idyll Allison, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence under Superior Court Criminal Rule 35 ("Rule 35").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Allison's opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in January 2006, Allison was indicted on charges of Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Conspiracy in the Second Degree, Wearing a Disguise, and Possession of a Deadly Weapon By a Person Prohibited ("PDWBPP"). Allison was tried, with a co-defendant, in July 2006. The jury found Allison guilty of Conspiracy in the Second Degree and PDWBPP and was hung on the remaining charges. In September 2006, Allison again was tried before a jury, this time without the co-defendant, and was found guilty of Robbery in the First Degree and PFDCF.

(3) Allison was sentenced as a habitual offender to a life term for Robbery in the First Degree, plus ten additional non-suspended years of Level V incarceration for the other convictions. This Court affirmed the Superior Court's judgment on direct appeal.[2] In September 2010, this Court affirmed the Superior Court's denial of Allison's first motion for postconviction relief.[3]

(4) On August 4, 2014, Allison filed a Motion for Correction of Illegal Sentence Pursuant to Superior Court Criminal Rule 35(a). Allison claimed that his sentences for Robbery in the First Degree and PFDCF violated double jeopardy. The Superior Court denied the motion. This appeal followed.

---

[2] *Allison v. State*, 2008 WL 308230 (Del. Jan. 31, 2008).

[3] *Allison v. State*, 2010 WL 3733919 (Del. Sept. 24, 2010).

(5)     On appeal, Allison claims that the Superior Court erred in treating his motion as a motion for reduction of sentence under Rule 35(b), rather than a motion for correction of illegal sentence under Rule 35(a). A motion to correct an illegal sentence under Rule 35(a) may be brought at any time,[4] but a motion for reduction of sentence may be filed only within 90 days after the sentence is imposed, under extraordinary circumstances, or by the Department of Correction under 11 *Del. C.* § 4217.[5] Although it appears that the Superior Court mistakenly treated Allison's motion as a motion for modification of sentence under Rule 35(b) rather than a motion for correction of illegal sentence under Rule 35(a), we nonetheless affirm the Superior Court's denial of the motion on the independent and alternative ground that it lacked merit under Rule 35(a).[6]

(6)     Rule 35(a) permits relief when the sentence imposed exceeds statutory limits, violates double jeopardy, is ambiguous or inconsistent, or omits a required term.[7] Contrary to Allison's contentions, sentences for Robbery in the First Degree

---

[4] Super. Ct. Crim. R. 35(a) ("The court may correct an illegal sentence at any time….").

[5] Super. Ct. Crim. R. 35(b) ("The court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed….The court will consider an application made more than 90 days after an imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

[6] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that Delaware Supreme Court may affirm judgment on basis of different rationale than rationale articulated by trial court).

[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

and PFDCF do not violate double jeopardy. Under Delaware law, a defendant may be separately charged, convicted, and sentenced for both Robbery in the First Degree and a weapons offense like PFDCF or Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF").[8] Allison's double jeopardy claim is therefore without merit.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[8] *Johnson v. State*, 1999 WL 1098173, at *4 (Del. Nov. 2, 2009) (relying on *LeCompte v. State* to hold that defendant could be convicted of both Robbery in the First Degree and PFDCF); *LeCompte v. State*, 516 A.2d 898, 900-03 (Del. 1986) (holding defendant could be convicted and punished for both Robbery in the First Degree and PDWDCF because legislature clearly intended for sentence for weapons offense to run consecutively to sentence for robbery and statutes addressed different problems).